JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JENNIFER FIGGE

## DEFENDANTS
WELLS FARGO WEALTH BROKERAGE INSURANCE AGENCY, LLC, SUCCESSOR BY MERGER TO WELLS FARGO INVESTMENT, LLC

(b) County of Residence of First Listed Plaintiff   Pitkin County, CO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Mecklenburg County NC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*  Terry M. Giebelstein/Rand S. Wonio, LANE & WATERMAN LLP, 220 N. Main Street, #600 Davenport, IA 52801 (563)324-3246

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES   *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*   (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Breach of contract and breach of fiduciary duty in stock brokerage account

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $  > than $75,000    CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 2/17/12 | /s/ Terry M. Giebelstien |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(DAVENPORT DIVISION)

|  |  |
|---|---|
| JENNIFER N. FIGGE,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO WEALTH BROKERAGE INSURANCE AGENCY, LLC, SUCCESSOR BY MERGER TO WELLS FARGO INVESTMENTS, LLC,<br><br>    Defendant. | ) Case No. _____<br>)<br>) **COMPLAINT** |

Jennifer N. Figge, ("Jennifer") by her attorneys Lane & Waterman LLP, for cause of action against Wells Fargo Wealth Brokerage Insurance Agency, LLC, Successor by merger to Wells Fargo Investments, LLC ("Wells Fargo Brokerage"), state:

## STATEMENT OF JURISDICTION

Plaintiff Jennifer N. Figge, is a citizen of the State of Colorado. Defendant Wells Fargo Brokerage is a Virginia limited liability company with its principal place of business in Charlotte, North Carolina, whose sole member is Wells Fargo & Company, a Delaware corporation with its principal place of business in San Francisco, California. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. Section 1332.

## GENERAL ALLEGATIONS

1.  Wells Fargo Brokerage is the successor by merger pursuant to a merger which occurred on or about January 10, 2011, and was effective on January 16, 2011, by and between Wells Fargo Investments, LLC, a limited liability company organized under the laws of the State of Delaware ("Wells Fargo Investments"), and Wells Fargo Brokerage, with the surviving merger entity being Wells Fargo Brokerage. Wells Fargo Brokerage is qualified to do business in, and is doing business in the State of Iowa. Prior to the merger, Wells Fargo Investments was qualified to do business in, and was doing business in, the State of Iowa.

2.  Sometime prior to August 1, 2004, Jennifer opened a stock brokerage account with Wells Fargo Investments being Account No. W32739876. The brokerage account relationship between Jennifer and Wells Fargo Investments continued from its inception through sometime in 2009.

3.  Throughout the term of the brokerage relationship with Wells Fargo Investments, Wells Fargo Investments acted as advisor to Jennifer regarding her investments. Jennifer had no knowledge or expertise regarding investments and relied upon the advice and counsel of Wells Fargo Investments regarding all matters pertaining to her account at Wells Fargo Investments. At all times material hereto, Jennifer's assets in the brokerage account were invested almost exclusively in Wells Fargo & Co. common stock, which trades under the symbol WFC in the New York Stock Exchange.

4.  At the same time that Jennifer had a brokerage relationship with Wells Fargo Investments, Wells Fargo Investments also had brokerage relationships with Thomas K. Figge ("Thomas") and with Thomas K. Figge, as Trustee of the Alexander Nobis Figge Irrevocable Trust dated November 26, 2003 (the "Trust"). The brokerage relationships between Wells Fargo

Investments and Thomas and Trust both included substantial margin account indebtedness owing to Wells Fargo Investments from time to time.

5.   Commencing sometime in 2007 and extending to January 21, 2009, at the suggestion and encouragement of Wells Fargo Investments, Jennifer's shares of WFC stock were transferred and loaned from time to time from Jennifer's brokerage account at Wells Fargo Investments to the Wells Fargo Investments accounts of Thomas and Trust to provide additional collateral for margin loans in those accounts.  By January 21, 2009, no remaining WFC stock was in Jennifer's brokerage account at Wells Fargo Investments, with all of Jennifer's WFC shares having been transferred to the margin accounts of Thomas and/or Trust at Wells Fargo Investments.

6.   In making such transfers of Jennifer's WFC shares to the margin accounts of Thomas and/or Trust, Wells Fargo Investments acted for its own interest in collateralizing loans made by Wells Fargo Investments to Thomas and/or the Trust and did not act in the best interests of Jennifer and did not deal with Jennifer in good faith and loyalty.

7.   On February 19 and February 20, 2009, Wells Fargo Investments unilaterally sold substantially all of the shares of WFC stock in the Wells Fargo Investments accounts of Trust and Thomas, including all of the WFC shares previously transferred to such accounts from Jennifer's brokerage account, with the sale proceeds then applied by Wells Fargo Investments to Thomas' and to the Trust's margin indebtedness.  At the time of such unilateral sale of the WFC stock, the stock market in general had declined severely, and WFC shares in particular were at a severely lower price point.  WFC stock price shares quickly recovered thereafter, but Jennifer's shares had been sold and she was unable to participate in any recovery.

8.      Despite Jennifer's requests and demands to Wells Fargo Investments made on July 19, 2011, and thereafter that the she be provided copies of all pertinent account agreements and documents regarding Account No. W32739876, Wells Fargo Brokerage has not produced account records showing authorizations or other documents permitting transfer of Jennifer's WFC shares to Thomas or the Trust.

9.      On information and belief, it was an imprudent and unsuitable investment practice for Wells Fargo Investments to permit Jennifer to be invested nearly entirely in a single stock, WFC, to cause Jennifer's WFC stock to be transferred to the Wells Fargo Investments brokerage accounts of Thomas and/or the Trust to act as collateral for margin loans in such accounts, and to otherwise leave Jennifer wholly unprotected from deteriorating stock market conditions.

10.     In the event that any document executed between Wells Fargo Investments and Jennifer requires arbitration, Jennifer is not limited to arbitration for the reasons that Wells Fargo Brokerage is not a member of the Financial Industry Regulatory Authority ("FINRA"), formerly known as NASD, and Wells Fargo Investments is designated by FINRA as an Inactive Member. Pursuant to FINRA's *Code of Arbitration Procedure for Customer Disputes*, Rule 12202, any claim against an Inactive Member is ineligible for arbitration under FINRA's code unless the customer agrees in writing to arbitrate after the claim arises. Jennifer, after her claims have arisen, has not agreed and does not agree to arbitrate.

## COUNT I – BREACH OF CONTRACT

1-10.   Jennifer restates paragraphs 1 through 10 of the General Allegations.

11. By reason of the foregoing, Wells Fargo Brokerage is in breach of its brokerage account obligations owing to Jennifer, including, but not limited to, its implied covenant of good faith and fair dealing.

12. Jennifer performed all obligations owing by her under the brokerage account.

13. As a consequence of the breach of the brokerage account obligations, Jennifer has incurred damages in excess of the jurisdictional limits of this Court.

14. Jennifer is entitled to judgment against Wells Fargo Brokerage in an amount equal to her damages.

**WHEREFORE,** Jennifer requests that judgment be entered in favor of Jennifer and against Wells Fargo Brokerage in such amount as determined to be appropriate in the circumstances of this case, for the costs of this action, and for such other and further relief as may be appropriate in the circumstances.

## COUNT II – BREACH OF FIDUCIARY DUTY

1-10. Jennifer restates paragraphs 1 through 10 of the General Allegations.

11. Wells Fargo Investments and its representatives provided advice, counsel and direction to Jennifer regarding account investments, uses and disbursement of account assets, account obligations and acted in a fiduciary capacity toward Jennifer.

12. By reason of the foregoing, Wells Fargo Brokerage is in breach of its fiduciary duty obligations owing to Jennifer.

13. As a consequence of the breach of fiduciary duty, Jennifer has incurred damages in excess of the jurisdictional limits of this Court.

14. Jennifer is entitled to judgment against Wells Fargo Brokerage in an amount equal to her damages.

WHEREFORE, Jennifer requests that judgment be entered in favor of Jennifer and against Wells Fargo Brokerage in such amount as determined to be appropriate in the circumstances of this case, for the costs of this action, and for such other and further relief as may be appropriate in the circumstances.

LANE & WATERMAN LLP

By: /s/ Terry M. Giebelstein
Terry M. Giebelstein – ICIS PIN #AT0002989

By: /s/ Rand S. Wonio
Rand S. Wonio – ICIS PIN #AT0008560

LANE & WATERMAN LLP
220 North Main Street, Suite 600
Davenport, IA 52801
Telephone: (563) 324-3246
Facsimile: (563) 324-1616
Email: tgiebelstein@l-wlaw.com
rwonio@l-wlaw.com

ATTORNEYS FOR JENNIFER N. FIGGE

m:\tgiebelstein\figge.thomas.k\jennifer.lawsuit\jennifer.complaint.docx